IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENDA DIANNE BROOKS,** | : | Civil No. 1:23-CV-01169 |
| **Plaintiff,** | : | |
| v. | : | |
| **HARRISBURG AREA COMMUNITY COLLEGE,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

In this age discrimination case, a former employee of Harrisburg Area Community College ("HACC") alleges she was treated less favorably than her younger counterparts. Presently before the court is a motion to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant HACC. (Doc. 6.) For the reasons set forth below, the motion will be granted.

### I.  BACKGROUND

The following facts taken from the amended complaint and accompanying exhibits are considered true for purposes of evaluating this motion.

Ms. Brooks was born in 1957. (Doc. 6 ¶ 10.) In 2004, she started working as a career counselor at HACC and steadily rose in the ranks, teaching as an adjunct professor beginning in 2008, becoming a faculty counselor in 2009, and earning

1

tenure as a faculty counselor in 2014. (*Id.* ¶ 11.) Around 2017, a new dean of student services changed the reporting structure of the counseling department, and made a younger, less-qualified male coworker, Howard Alexander ("Mr. Alexander"), Ms. Brook's immediate supervisor. (*Id.* ¶ 12.) Mr. Alexander thereafter treated Ms. Brooks less favorably than her younger coworkers. (*Id.* ¶ 13.) Despite filing multiple reports with HACC in relation to her treatment by Mr. Alexander, HACC did nothing to address the situation. (*Id.* ¶ 14.) In July 2019, Ms. Brooks requested bereavement leave after losing her third loved one in two years, and the director of human resources formally reprimanded her for not providing sufficient notice in advance of taking the leave. (*Id.* ¶ 16.)

Due to these situations at work, Ms. Brooks developed and was diagnosed with major depressive disorder anxiety. (*Id.* ¶ 17.) In August 2019, her doctor advised her to take leave pursuant to the Family and Medical Leave Act. (*Id.*) After being out on leave for two months, the director of human resources accused Ms. Brooks of shredding a student form in violation of HACC policy. (*Id.* ¶ 18.) The director "suggested" that Ms. Brooks could be fired for this violation unless she agreed to resign immediately, forfeit her tenure, and agree never to seek reemployment with HACC. (*Id.* ¶ 19.) Ms. Brooks did not resign. (*Id.* ¶ 20.) On January 17, 2020, Ms. Brooks' physician advised HACC that Ms. Brooks could not return to work under Mr. Alexander but could return to her adjunct faculty position.

(*Id.* ¶ 21.) HACC, however, removed her as an adjunct professor even though she was scheduled to teach in the spring 2020 semester. (*Id.*)

Seeking recourse for her mistreatment, Ms. Brooks filed a claim with the Equal Opportunity Employment Commission ("EEOC") alleging age discrimination on October 1, 2019. The EEOC issued a notice of right to sue on April 14, 2023, and thereafter Ms. Brooks initiated this action. (*Id.* ¶¶ 23-25.) In it, she brings one count pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. Jurisdiction is proper under 28 U.S.C. § 1331.

HACC has filed a motion to dismiss the complaint for failure to state a claim.[1] (Doc. 6.) The motion has been fully briefed and is ripe for review.

I. **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in

---

[1] In evaluating the motion, the court takes judicial notice of the EEOC charge (Doc. 7-1), the EEOC Notice of Right to Sue (Doc. 7-2), the EEOC Inquiry Form (Doc. 7-3; Doc. 11-1), and the EEOC Activity Log and investigative notes (Doc. 11-2). These exhibits are referenced in the complaint or of public record. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In deciding a motion to dismiss, courts generally may not consider matters outside the pleadings when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Only where a document is

"integral to or explicitly relied upon in the complaint" may it be considered without converting the motion into one for summary judgment. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)) Public records, too, may be considered, not for the truth of their contents but "as evidence of the information provided" relevant to the dispute. Id. (quoting *Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 273 n.11 (3d Cir. 2007). In the general context of employment discrimination, some courts in this Circuit have considered documents such as the EEOC charge and related documents as integral to the complaint or information which is a matter of public record. *See, e.g.*, *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000).

## II.  DISCUSSION

Pursuant to the ADEA, an employee must file a "charge" with the EEOC within 300 days[2] after the unlawful employment practice occurred. 29 U.S.C. § 626(d)(1)(B). This charge "sets the Act's enforcement mechanisms in motion" and begins a sixty-day waiting period during which the aggrieved employee may not file a civil suit. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 392 (2008); 29 U.S.C.

---

[2] The default limitations period to file a charge is 180 days. 29 U.S.C. § 626(d)(1)(A). However, so called "deferral states," *i.e.*, states such as Pennsylvania that have their own agency with authority to investigate claims of employment discrimination, have a 300-day limitations period to file a charge. 29 U.S.C. § 626(d)(1)(B) & 633(b); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).

§ 626(d)(1). Once the charge is filed, the EEOC is obligated to "promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d)(2). A civil suit may be filed against the entity named in the charge within ninety days of notice of dismissal by the EEOC or other termination of EEOC proceedings. 29 U.S.C. § 626(e). The filing of a charge with the EEOC is a condition precedent to bringing an ADEA suit. *Hildebrand v. Allegheny County*, 757 F.3d 99, 112 (3d Cir. 2014); *Holowecki*, 552 U.S. at 403-04 ("The statute requires the aggrieved individual to file a charge before filing a lawsuit.")

Here, the amended complaint alleges that Ms. Brooks complied with these requirements. (Doc. 5 ¶¶ 23-25.) Specifically, it states that on October 1, 2019, Ms. Brooks timely filed a claim with the EEOC (*id.* ¶ 23), that more than sixty days have elapsed since she filed her EEOC claim (*id.* ¶ 24), and that she filed this suit within ninety days of the EEOC's April 14, 2023, issuance of a notice of right to sue. (*Id.* ¶ 25.) HACC contends, however, that the October 1, 2019, claim that Ms. Brooks filed did not constitute a charge, as contemplated by the EEOC, and that she did not file an actual charge with the EEOC until April 11, 2023, long after the 300-day statute of limitations expired. (Doc. 7, pp. 4-5.) In response, Ms. Brooks argues that an October 1, 2019, Inquiry Form she submitted to the EEOC when read in combination

with the EEOC's January 14, 2020, investigative notes indicate a clear intent to request the agency to act, thus amounting to a charge. (Doc. 11, p. 5.)

The ADEA does not define "charge," and while the EEOC has promulgated regulations giving some context to the term, these regulations "fall short of a comprehensive definition." *Holowecki*, 552 U.S. at 395. For instance, a section of one such regulation states that a "charge shall mean a statement filed with the [the EEOC] by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act." 29 C.F.R. § 1626.3. Yet another section of the same regulation provides that a "charge should contain" the following:

> (1) The full name and contact information of the person making the charge except as provided in § 1626.8(d) below; (2) The full name and contact information of the person against whom the charge is made, if known (hereinafter referred to as the respondent); (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices; (4) If known, the approximate number of employees of the prospective defendant employer or members of the prospective defendant labor organization. (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency

29 C.F.R. § 1626.8(a)(1)-(5)

The very next subsection, however, states that, "[n]otwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge either a written statement

7

or information reduced to writing by the Commission that conforms to the requirements of § 1626.6." 29 C.F.R. § 1626.8(b). Those requirements being that a charge "shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Charges received in person or by telephone shall be reduced to writing." 29 C.F.R. § 1626.6.

In the face of this definitional morass, the Supreme Court in *Holowecki* held that a filing is deemed a charge "if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf . . . ." *Holowecki*, 552 U.S. at 404. At issue in *Holowecki* was whether an EEOC "Intake Questionnaire," with an attached six-page affidavit describing the alleged discriminatory practices in greater detail, was a charge. *Id.* at 394. The Court held that these documents constituted a charge, reasoning that the Intake Questionnaire contained all the information required by 29 C.F.R. § 1626.8 and that the affidavit included the statement "[p]lease force Federal Express to end their age discrimination," which was fairly construed as a request for the EEOC to act. *Holowecki*, 552 U.S. at 405.

Following *Holowecki*, the EEOC revised the Intake Questionnaire to include a check box ("Box 2") next to text that, as of 2012, stated:

> I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I

8

accuse of discrimination information about the charge, including my name.

*Hildebrand*, 757 F.3d at 113. Upon review of this revised form, the Third Circuit held that "an employee who completes the Intake Questionnaire and checks Box 2 unquestionably files a charge of discrimination." *Hildebrand*, 757 F.3d at 113.

The Inquiry Form submitted by Ms. Brooks, however, includes no such "Box 2." Instead, it includes headings that state: "APPROXIMATE DEADLINE FOR FILING A CHARGE," "POTENTIAL CHARGING PARTY," "LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT," and "POTENTIAL CHARGING PARTY'S DEMOGRAPHICS." (Doc. 7-3; Doc. 11-1.) This form, standing alone, is plainly not a charge, as its language explicitly contemplates a potential future filing of a charge rather than a present intent to file a charge. And contrary to Ms. Brooks' contention, reading the EEOC's subsequent investigative notes in conjunction with the Inquiry Form is still insufficient to constitute a charge. As both *Holowecki* and *Hildebrand* indicate, the request for the EEOC to take action must be contemporaneous with the filing of the required EEOC documents. In *Holowecki*, the affidavit was filed along with the Intake Questionnaire, and in *Hildebrand*, Box 2 was located on the Intake Questionnaire itself. Here, the agency-generated investigative notes were created four months *after* Ms. Brooks submitted the Inquiry Form. In addition, neither the Inquiry Form nor the investigative notes request agency action, and in fact, according to the extrinsic evidence provided by

Ms. Brooks, the EEOC took no action. Accordingly, Ms. Brooks' ADEA claim is time-barred because she failed to file a charge within 300 days of the allegedly illegal conduct.[3]

### III.     CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted. An appropriate order shall follow.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 28, 2024

---

[3] Ms. Brooks makes an argument that, alternatively, her April 2023, charge should "relate back" to the date the original charge was filed. (Doc. 11, pp. 8-9; 29 C.F.R. § 1626.8(c)). Having already determined that she did not file a charge in the first instance, Ms. Brooks' subsequent filing of a charge cannot relate back.